IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**ROBERT WILLIAM ELMORE,**

    **Plaintiff,**

v.                                                    Civil Action No. 1:24-CV-18
                                                            (JUDGE KLEEH)

**MORGANTOWN JUSTICE DEPARTMENT;
CHILD PROTECTIVE SERVICES
MORGANTOWN; WESTOVER POLICE
DEPARTMENT; ANDREW N. FRYE, III;
JUDGE PHILLIP D. GAUJOT; and
FELICIA BACORN,**

    **Defendants.**[1]

## REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE

On February 9, 2024, *pro se* Plaintiff Robert William Elmore ("Plaintiff") filed a Complaint against the above-captioned Defendants. [ECF No. 2]. Plaintiff initially filed the Complaint in the Southern District of West Virginia. However, on February 13, 2024, the Southern District of West Virginia transferred the matter to this District [ECF No. 4], for lack of jurisdiction and venue – recognizing that Plaintiff appears to reside in Pennsylvania and names party-defendants who appear to reside in this District. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 2] should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

---

[1] The names of the party-defendants in the case caption here are taken from the *pro se* Complaint lodged herein. The undersigned is aware that some names of the party-defendants in the case caption may appear to be incomplete and/or improperly set forth. This is noted for its own sake, and is emblematic of the undersigned's recommendation to screen the matter for dismissal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

For the Complaint itself [ECF No. 2], Plaintiff sets forth a number of handwritten notes on a pre-printed form. The handwritten notes are wide-ranging and fragmented in nature. As best as the undersigned can discern, Plaintiff alleges civil rights and due process violations, as well as violations of the Americans with Disabilities Act. He complains about an arrest, the details of which are unclear; also unclear is the connection of the arrest to the claims herein. Moreover, Plaintiff invokes a federal criminal statute, 18 U.S.C. § 242, as supportive of his claims. At bottom, Plaintiff seems to complain about a state court proceeding which resulted in a child custody adjudication with which he disagrees.

Finally, in conjunction with his other filings, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 1].

On February 13, 2024, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered Referral Order [ECF No. 7], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to

3

state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS OF COMPLAINT

The Complaint [ECF No. 1] provides **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds entitling him to any relief.

Plaintiff invokes a number of partially-formed statements and invocations of legal principles, and loose citations to legal authority, in support of his perceived grievances. However, the precise identities of all Defendants, their alleged actions, and Plaintiff's theories of relief, are indiscernible. As such, Plaintiff's Complaint falls woefully short of stating viable claims.

Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. To this end:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Nonetheless, even though Rule 8 does not require great particularity, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). As a corollary, of course, legal claims asserted must have a basis in both fact and law.

In the instant matter, the legal claims asserted are wholly unclear. And the factual and legal bases for the claims also are wholly unclear. As noted above, Plaintiff makes overarching references to certain constitutional and other legal principles, and generally references certain federal statutory provisions, such as the Americans with Disabilities Act and 18 U.S.C. § 242. But the basis for any viable claim is completely indecipherable.

As a neighboring District Court once helpfully summarized:

> [A] district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." Wynn–Bey v. Talley, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). On the contrary, courts have "unhesitatingly dismissed actions where the complaint:
> 
> - consisted of "a labyrinthian prolixity of unrelated and vituperative charges that def(y) comprehension," Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973);
> - was "confusing, ambiguous, redundant, vague and, in some respects, unintelligible," Wallach v. City of Pagedale, Missouri, 359 F.2d 57, 58 (8th Cir. 1966);
> - was "so verbose, confused and redundant that its true substance, if any, is well disguised," Corcoran v. Yorty, 347 F.2d 222, 223 (9th

Cir.), *cert. denied*, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965);

- contained "a completely unintelligible statement of argumentative fact," Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968), with "little more than demands, charges, and conclusions," Burton v. Peartree, 326 F.Supp. 755, 758 (E.D. Pa. 1971);
- represented "circuitous diatribes far removed from the heart of the claim," Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972); or
- set forth "a meandering, disorganized, prolix narrative," Karlinsky v. New York Racing Association, Inc., 310 F.Supp. 937, 939 (S.D.N.Y. 1970).

Jianqing Wu v. TrustPoint Int'l, No. CV PWG-15-1924, 2015 WL 13091378, at *1 (D. Md. Oct. 5, 2015) (formatting altered) (quoting Brown, 75 F.R.D. at 499 (dismissing complaint that was "a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and that "contain[ed] an untidy assortment of claims that [were] neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments")).

Plumhoff v. Cent. Mortg. Co., 286 F. Supp. 3d 699, 702 (D. Md. 2017).

In the instant matter, the claims, arguments, bases for theories of relief, and supporting documentation are similarly disjointed. Moreover, the identities of certain Defendants are unclear, as are the acts or omissions in which they are alleged to have engaged. In fact, certain Defendants seem to be misidentified altogether (for example, so far as the undersigned can discern, there is no such entity as "Morgantown Justice Department").

As noted above, Plaintiff's core complaint seems to be a disagreement with the result of a state court juvenile abuse and neglect proceeding. To this end, federal courts are not courts of general jurisdiction and may only act pursuant to the power granted to them by Article III of the Constitution and acts of Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Accordingly, federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Only a well-pleaded

complaint gives rise to such "federal question" jurisdiction, and jurisdiction cannot be based on defenses or counterclaims. Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152-153 (1908). Additionally, federal courts may also hear cases that meet the requirements of "diversity" jurisdiction, outlined in 28 U.S.C. § 1332. In either type of case (federal question or diversity), a party may remove a case to federal court only when subject matter jurisdiction exists, as well. Ultimately, the removing party has the burden to prove that the federal court has jurisdiction over the case to be removed. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022).

To the extent which Plaintiff seeks to remove a state juvenile abuse and neglect proceeding to this Court, the effort is without merit. Issues pertaining to matters such as child custody and child abuse and neglect are directly within the purview of a state government's powers. The state "has a legitimate interest in protecting children from neglect and abuse and in investigating situations that may give rise to such neglect and abuse." Martin v. Saint Mary's Dep't Soc. Servs., 346 F.3d 502, 506 (4th Cir. 2003).

Here, if he wishes to adjudicate an abuse and neglect case that arose in state court, Plaintiff essentially seeks federal review of a state court's decision regarding matters squarely and solely within that state court's jurisdiction. This is a form of review Plaintiff may not obtain. Plaintiff's various claims regarding constitutional violations in this matter are of no moment; they do not give rise to federal question jurisdiction. The issue which Plaintiff seems to wish to adjudicate here is predicated on state law, and there is no federal interest in it. See American Well Works Co. v. Layne, 241 U.S. 257, 259-260 (1916); Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). And in matters of child custody specifically, federal courts have long been leery of intervening. See generally Doe v. Doe, 660 F.2d 101 (4th Cir. 1981).

As an aside, Plaintiff's invocation of 18 U.S.C. § 242 (criminal code regarding deprivation of rights under color of law) is of no help. This is a federal statute which provides for federal <u>criminal</u> liability. Plaintiff makes no cognizable argument about how he can obtain <u>civil</u> relief in this context pursuant to this <u>criminal</u> statute. And of course, Plaintiff cannot himself initiate criminal proceedings herein. To put it plainly, Plaintiff's citation to this statute does nothing to help him establish jurisdiction herein or otherwise set forth a cognizable claim.

In sum, then, the undersigned **FINDS** that Plaintiff sets forth no cognizable claims, and as such, fails to state a claim upon which relief can be granted.

### IV. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

Because of the lack of any factual allegations of acts, omissions, or wrongdoing by Defendants giving rise to cognizable legal claims, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. After performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 1] be denied.

### V.   RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 2] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 2] be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's corresponding motion to proceed *in forma pauperis* [ECF No. 1] be **DENIED**.

Any party shall have fourteen (14) days from the date of service of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the**

8

**portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: April 22, 2024.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE